This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                        **No. 30,431**

**BIANCA RODRIGUEZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Kenneth H. Martinez, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Linda Yen, Assistant Appellate Defender
Albuquerque, NM

for Appellant

### MEMORANDUM OPINION

**SUTIN, Judge.**

Defendant appeals her convictions for driving while intoxicated (DWI), failure to maintain a lane, and no proof of insurance. We proposed to affirm Defendant's

convictions in a calendar notice, and we have received a memorandum in opposition to that calendar notice from Defendant. We have considered Defendant's arguments, but we are not persuaded by them. We therefore affirm.

Defendant contends that the officer could not have "meaningful[ly]" observed her for the required twenty-minute period in order to ascertain that she had nothing in her mouth prior to performing the breath-alcohol test (BAT). *See State v. Willie*, 2009-NMSC-037, ¶ 10, 146 N.M. 481, 212 P.3d 369. Defendant claims that the deprivation period between 2:27 a.m. and 2:50 a.m. was extended to 3:03 a.m. when the BAT was administered, and during that additional thirteen minutes, the officer "was occupied" with administering a test to another individual. [MIO 10] Defendant claims, without citation to the record, that the officer was "fully occupied" with a variety of tasks during the thirteen-minute gap. [Id.] As explained in our calendar notice, the officer testified that, during the entire observation period and during the time he was administering a test on another individual, Defendant was in his car or seated at the breath testing machine, she was in plain view, within his "sight and hearing," he had a "full visual" of her, and he had "complete contact" with her. [RP 91-92] This was sufficient to establish that the officer complied with the requirements for the deprivation period.

Defendant argues for the first time that the delay of one hour and ten minutes before the BAT was administered "casts additional doubt on the reliability of the breath score." [MIO 13] Defendant did not properly preserve this argument for purposes of appeal. *See State v. Varela*, 1999-NMSC-045, ¶ 25, 128 N.M. 454, 993 P.2d 1280. Moreover, as conceded by Defendant, the DWI statute allows for admission of a BAT taken within three hours of driving. [MIO 13]

Defendant continues to claim that the evidence was insufficient to support her DWI conviction. We view the evidence in the light most favorable to the verdict, and we resolve all conflicts in the evidence in favor of that verdict. *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176. Defendant offers contrary explanations for the observations made by the officer prior to the stop and during administration of the field sobriety tests, including such possibilities as the two cars were weaving between lanes in an effort to "just play[] games," the bloodshot and watery eyes could be attributed to allergies or fatigue, and the performance on field sobriety tests could have been affected by problems with Defendant's leg due to hip replacement. [MIO 14-15] However, as discussed in our calendar notice, there was evidence presented that Defendant was weaving into the bicycle lane, she failed to stop after the officer engaged his emergency equipment, she admitted that she had been drinking, she had bloodshot, watery eyes, slurred speech, and smelled strongly

3

of alcohol, she could not maintain her balance, she performed poorly on field sobriety tests, and the results of the BATs were above the statutory limit. This was sufficient to support Defendant's DWI conviction.

For the reasons discussed in this opinion and in our calendar notice, we affirm Defendant's convictions.

**IT IS SO ORDERED.**


_____
**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**


_____
**CYNTHIA A. FRY, Chief Judge**


_____
**TIMOTHY L. GARCIA, Judge**